**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **STEVE CARLTON AND THOMAS A. GUNN,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:19-cv-00489** |
| | § | |
| **CERTAIN UNDERWRITERS AT LLOYDS, LONDON, THE LITTLETON GROUP, AND BRYAN TURNER,** | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

Defendant Certain Underwriters at Lloyds, London ("Defendant" or "Underwriters"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## I. BACKGROUND

1. On September 9, 2019, Plaintiffs Steve Carlton and Thomas A. Gunn ("Plaintiffs") filed this action in the 260th Judicial District Court of Orange County, Texas, bearing Cause No. D190369-C (the "State Court Action"), against Certain Underwriters at Lloyds, London, The Littleton Group, and Bryan Turner. Plaintiffs' Original Petition (the "Complaint") is the live pleading in this case. Plaintiffs have demanded a jury. (A copy of the Complaint is attached in accordance with 28 U.S.C. § 1446(a) as **Exhibit C-2**).

2. Underwriters was served on September 16, 2019 via certified mail and appeared in the State Court Action on October 4, 2019.[1] Therefore, this Notice of Removal of the State Court Action to the United States District Court is timely filed by Underwriters, it being filed no more than thirty days after service of Underwriters, in accordance with 28 U.S.C. §§ 1441 and 1446.

[1] **Exhibit F**: Service information.

## II. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

3. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiffs and the properly joined defendant, Underwriters, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. There is complete diversity between Plaintiffs and the properly-joined defendant, Underwriters.

4. Plaintiffs' State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332.

5. Plaintiffs state in the Complaint that the property at issue, located at 202 Border Street, Orange, Orange County, Texas 77630 (the "Property"), is owned by the Plaintiffs, and Plaintiffs conduct business in Texas.[2] Therefore, upon information and belief, Plaintiffs are citizens of Texas for purposes of diversity jurisdiction.

6. Defendant is a foreign company, a citizen of the United Kingdom, and has its principal place of business in the United Kingdom. Antares Managing Agency Limited ("Antares") is a syndicate of Defendant that has a 100% interest in the insurance policy at issue.[3] As such, Antares' citizenship is relevant to a diversity inquiry.[4] Antares is a foreign company, a citizen of the United Kingdom, and has its principal place of business in the United Kingdom. Antares has no Names that are citizens of Texas.[5] The Policy provides a limit of liability of $225,000 for damage to the building.[6] Plaintiffs' lawsuit alleges that Plaintiffs seek damages

---

[2] *See* Complaint, **Exhibit C-2** at ¶¶ 2, 13.
[3] *See* **Exhibit E**: Policy.
[4] *Chaucer Corporate Capital, No. 2 Limited v. Azad,* 2010 WL 3732011 *3-4 (S.D. Tex. 2010) (not designated for publication) (citing *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).
[5] *See id.*
[6] **Exhibit E.**

between $100,000 and $200,000.[7] Accordingly, Underwriters are citizens of the United Kingdom and satisfy the amount in controversy requirement for this Court's diversity jurisdiction over this matter.

7. Thus, there is complete diversity of citizenship between Plaintiffs and the properly joined defendant, Underwriters.

**B. Littleton and Turner were improperly joined.**

8. Littleton, an adjusting company, and Turner, an adjuster, were improperly joined, their citizenship should be disregarded, and they should be dismissed.

9. As the removing party, Underwriters bears the burden of showing that federal jurisdiction exists and removal is proper.[8] Under Section 1441(b), while complete diversity of citizenship must exist between all plaintiffs and all defendants to establish federal subject matter jurisdiction, only the citizenship of *properly* joined parties can establish federal subject matter jurisdiction.[9] The doctrine of improper joinder "prevents defeat of federal removal jurisdiction premised on diversity jurisdiction by an improperly joined, non-diverse defendant."[10] Citizenship of an improperly joined defendant is disregarded entirely in determining whether complete diversity exists.[11] "Normally, a court reviewing allegations of fraudulent joinder should refrain from conducting an evidentiary hearing but may utilize a summary judgment-like procedure."[12] Indeed, if submitted, the court may consider affidavits and deposition testimony filed with a defendant's removal petition.[13]

---

[7] Complaint, ¶ 6.
[8] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[9] 28 U.S.C. § 1441(b); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).
[10] *Borden v. Allstate Inc. Co*., 589 F.3d 168, 171 (5th Cir. 2009).
[11] *Smallwood*, 385 F.3d at 572.
[12] *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179 (5th Cir. 2000) (citing *Burchett v. Cargill*, 48 F.3d 173, 176 (5th Cir. 1995)).
[13] *TAJ Properties, LLC v. GAB Robins North America, Inc.*, H-10-4134, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).

10. Improper joinder is established when the removing party meets the burden of showing either (1) there was actual fraud in pleading the jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.[14] In order to establish the second ground for improper joinder, the removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[15] The potential recovery "must be reasonable, not merely theoretical."[16] "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the Plaintiffs allegations and the pleaded theory of recovery."[17]

11. As the Fifth Circuit held in *Int'l Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, federal courts should use the federal pleading standard when conducting the Rule 12(b)(6)-type analysis for an improper joinder claim to determine if the plaintiff has stated a claim against a non-diverse defendant.[18] A plaintiff fails to state a claim on which relief may be granted as required under Rule 12(b)(6) when a plaintiff's factual allegations do not show a right to relief that is plausible and rises above mere speculation.[19] "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[20] To do so, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] This plausibility standard

---

[14] *Smallwood*, 385 F.3d at 572; *Cantor v. Wachovia Mortg., FSB*, 641 F.Supp.2d 602, 606 (N.D. Tex. 2009); *Rodriguez v. Casa Chapa S.A. de C.V.*, 394 F.Supp.2d 901, 905 (W.D. Tex. 2005).
[15] *Smallwood*, 385 F.3d at 572.
[16] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (emphasis added).
[17] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).
[18] *Smallwood*, 385 F.3d at 572.
[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[20] *Id.*
[21] *Id.* at 678.

"asks for more than a sheer possibility that a defendant has acted unlawfully."[22]

12. To avoid a dismissal for failure to state a claim, a plaintiff must plead *specific facts*, not mere conclusory allegations.[23] The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[24] The Court must not accept as true conclusory allegations or unwarranted deductions of fact.[25] The United States Supreme Court has made clear that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action *will not do*."[26] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice," and something more than "unadorned 'the-defendant-unlawfully-harmed-me accusation' is needed."[27]

***i. Plaintiffs fail to state a claim against Littleton and Turner for violations of Tex. Ins. Code § 541.060(a)(1).***

13. Tracking the language of section 541.060(a)(1), Plaintiffs make the conclusory statement that Littleton and Turner misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy.[28] However, the only factual allegations Plaintiffs assert in the Complaint against Littleton and Turner to support this statement relate solely to their inspection of the Property. Therefore, Plaintiffs have failed to state a claim against Littleton and Turner under section 541.060(a)(1) of the Texas Insurance Code.

14. Courts have routinely held that an in-state adjuster defendant is not liable under section 541.060(a)(1) when the alleged representations complained of relate solely to the

---

[22] *Id.*
[23] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing *Tuchman v. DSC Commc"ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1997)).
[24] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[25] *Collins*, 224 F.3d at 498.
[26] *Twombly*, 550 U.S. at 555 (emphasis added).
[27] *Iqbal*, 556 U.S. at 667.
[28] Tex. Ins. Code § 541.060(a)(1) (prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue.").

inspection or the facts giving rise to a claim rather than material facts related to the policy at issue. For example, the Southern District of Texas held in *Hay v. Great Lakes Reinsurance (UK) SE* that an in-state adjuster was improperly joined and the plaintiff failed to state a claim against the in-state adjuster under section 541.060(a)(1).[29] The plaintiff in *Hay* alleged the in-state adjuster violated Section 541.060(a)(1) by "misrepresenting one or more material facts and/or policy provisions relating to coverage."[30] The Court held "[t]he misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage"[31] "[A]ctions or omissions by an adjuster in making an inspection are not within the scope of § 541.060(a)(1) because they do not relate to the coverage at issue."[32] The Court in *Hay* held the plaintiff failed to state a claim under Section 541.060(a)(1) because "aside from her conclusory assertion that he violated this provision—Ms. Hay fails to allege that [the adjuster] made any misrepresentation about the details of the policy at issue."[33]

15. Similarly, in *Messersmith v. Nationwide Mut. Fire Ins. Co.*, the Northern District stated that a misrepresentation under this section "must be about the details of a policy, not the facts giving rise to a claim for coverage."[34] "[The adjuster] would have had to represent that [the insured] would receive a particular kind of policy that it did not receive or denied coverage against a loss under specific circumstances that it previously had represented would be covered."[35] In *Messersmith*, the plaintiff alleged the adjuster claimed "there was no damage to [the insured's] roof when in fact there was damage" and "that the damage was only cosmetic in

[29] *Hay v. Great Lakes Reinsurance (UK) SE, et al*, Case No. 7:16-cv-00235, slip op. at 7 (S.D. Tex. Aug. 4, 2016).
[30] *Id.*
[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] *Messersmith v. Nationwide Mut. Fire Ins. Co*., 10 F.Supp.3d 721 (N.D. Tex. 2014).
[35] *Id.* at 724 (quoting *U.S. Fire Ins. Co. v. Confederate Air Force*, 16 F.3d 88, 91 (5th Cir. 1994) (citing *Parkins v. Tex. Farmers Ins. Co.*, 645 S.W.2d 775, 776–77 (Tex. 1983))).

nature when in fact there was leaking resulting from the damage."[36] The Northern District found these allegations did not give rise to a claim against the adjuster defendant because they were not about the breadth or existence of coverage. Instead the allegations were about the facts that gave rise to a claim under the policy.[37]

16. Further, several federal courts have held that "even though an adjuster is a 'person' under the Insurance Code, an adjuster cannot be held liable for violation of the [Texas Insurance] Code unless he causes an injury distinguishable from the insured's actions."[38] "In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage."[39] Further, "post loss statements regarding coverage are not misrepresentations under the Insurance Code."[40]

17. Specifically, the Southern District of Texas has held on numerous occasions that when an adjuster's actions "can be accomplished by [the insurer] through an agent," the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster.[41] For example, in *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, the court held "[s]pecified paragraphs in the petition are directed to [the adjuster], but for the most part they merely track the statutory provisions, alleging only that [the adjuster] inspected the Property and that he submitted an undervalued repair estimate. . . . These actions can be accomplished by [the insurer] through an agent, and as such, are indistinguishable

---

[36] *Id.* at 724 (quotation marks removed).
[37] *Id.*
[38] *Aguilar v. State Farm Lloyds*, No. 4:15-CV-565-A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (citing *Nasti v. State Farm Lloyds*, No. 4:13–CV–1413, 2014 WL 710458, at *3 (S.D. Tex. Feb. 19, 2014); *Novelli v. Allstate Texas Lloyd"s*, No. H–11–2690, 2012 WL 949675, at *4–5 (S.D. Tex. Mar. 19, 2012)).
[39] *Id.* (citing *Messersmith*, 10 F.Supp.3d at 724.
[40] *Id.* (citing *Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445–56 (Tex.2012); *One Way Investments, Inc. v. Century Surety Co.*, No. 3:14–CV–2839, 2014 WL 6991277, at *4–5 (N.D. Tex. Dec. 11, 2014)).
[41] *Nasti*, 2014 WL 710458, at *3.

from [the insurer]'s actions."[42] Based on this conclusion, the court denied the plaintiffs' motion to remand.[43] Similarly, in *Atascocita Realty Inc. v. W. Heritage Ins. Co*., the Southern District of Texas dismissed an insured's claims against individual adjusters for conduct undertaken in their capacity as employees and agents of corporate defendants because "such claims are, in essence, claims against the insurer."[44]

18. The allegations in this case are no different. Plaintiffs allege Turner and Littleton failed to conduct a reasonable inspection of the property and failed to prepare an adequate report of the alleged damage. On the face of these allegations, Plaintiffs have failed to state a claim against Littleton and Turner for a violation of Section 54.1060(a)(1).

19. Furthermore, just as in the cases cited above, all of Plaintiffs' allegations regarding Littleton and Turner relate solely to the inspection of the property. Plaintiffs have not and cannot make any specific factual allegations that Littleton and Turner made any representations to Plaintiffs regarding provisions of the policy or the breadth and existence of coverage, as is required to state a claim under Section 541.060(a)(1).[45] Further, Plaintiffs have not alleged that Littleton or Turner had authority to settle claims or make coverage determinations on Underwriters' behalf. Therefore, based on the allegations in the Complaint, there is no reasonable basis to predict Plaintiffs can recover against Littleton and Turner for any violation of Section 541.060(a)(1).

***ii. Plaintiffs fail to state a claim against Littleton and Turner for violations of Sections 541.060(a)(2), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code.***

---

[42] *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, No. H–10–1846, 2011 WL 240335, at *14 (S.D. Tex. Jan.20, 2011).

[43] *Id*.

[44] *Atascocita Realty Inc. v. W. Heritage Ins. Co.*, No. 4:10–CV–4519, 2012 WL 4052914, at *3 (S.D. Tex. Sept 13, 2012).

[45] *See TAJ Properties, LLC v. GAB Robins North America, Inc*., H-10-4134, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (holding the plaintiffs" its mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster).

20. Tracking the language of Sections 541.060(a)(2), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code, Plaintiffs allege Littleton and Turner:

- "failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy," citing Tex. Ins. Code § 541.060(a)(2)(A);
- "failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made," citing Tex. Ins. Code § 541.060(a)(3);
- "failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time," citing Tex. Ins. Code § 541.060(a)(4); and
- "refused to fully compensate Plaintiffs under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation," citing Tex. Ins. Code § 541.060(a)(7).

21. Addressing many of these same allegations under the same Texas Insurance Code provisions, the court stated in *Hay* that "[e]ach of these violations is based on one common thread of liability: the denial of a valid claim."[46] The court further held:

> *Even assuming that an adjuster may be held liable for these provisions, Ms. Hay has pled no facts alleging that, as an adjuster, Mr. Lopez had any authority to settle claims on behalf of Great Lakes.* Nor has Ms. Hay alleged that Mr. Lopez had any control over the timeliness of communications regarding her claim, or that he contributed in some way to a delay in the disposition of her claim. Instead, she merely claims that his investigation was "outcome-oriented," without alleging any facts that would plausibly give rise to any liability against Mr. Lopez under these provisions.[47]

Thus, the court determined the plaintiff failed to state a claim against the in-state adjuster under Sections 541.060(a)(2), (a)(3), and (a)(4), and the in-state adjuster was improperly joined because the plaintiff failed to allege any facts that the adjuster had any authority to settle claims on behalf of the insurer or had any control over the timeliness of communications regarding the claim.[48]

22. Following this same reasoning, the court in *Lopez v. United Prop. & Cas. Ins. Co.*

---

[46] *Id.* at *8.
[47] *Id.* (emphasis added).
[48] *Id.*

also held "[t]he majority of federal courts that have addressed [Section 541.060(a)(2)(A)] have found that this section applies only to insurers, and that it does not apply to adjusters" because the adjuster does not have settlement authority on behalf of the insurer.[49]

23. The same reasoning can be applied to a claim under Texas Insurance Code Section 541.060(a)(7) for "refusing to pay a claim without conducting a reasonable investigation with respect to the claim," as Plaintiffs have not alleged in this case that Littleton or Turner had authority to pay a claim on behalf of the insurer.

24. In *Lopez*, the court also stated that "other federal courts have held that [Sections 541.060(a)(3) and (a)(4)] are not applicable to adjusters" because these provisions are "aimed at the timeliness of communications to an insured" and "none of [the insured's] allegations against [the adjuster] assert that she was untimely or slow to act."[50] "Instead, [the insured] complains that [the adjuster's] investigation was 'substandard.'"[51] For these reasons, the court in *Lopez* found the plaintiff had failed to state a claim against the in-state adjuster under Sections 541.060(a)(2)(A), (a)(3), and (a)(4) of the Texas Insurance Code.[52]

---

[49] *Lopez v. United Prop. & Cas. Ins. Co*., No. 3:16-CV-0089, 2016 WL 3671115, at *3 (S.D. Tex. July 11, 2016) (citing *Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co*., 3:15–CV–3741–D, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016) ("Massey and Cagle are both adjusters, and "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.'") (quoting *Messersmith*, 10 F.Supp.3d at 724); *Doss v. Warranty Underwriters Ins. Co.*, 04–11–00776–CV, 2012 WL 5874316, at *2 (Tex. App.—San Antonio Nov. 21, 2012, no pet.) (noting that provisions such as Section 541.060(a)(2)(A) apply "only to the insurer-insured relationship"); *Richardson E. Baptist Church v. Philadelphia Indem. Ins. Co.*, 05–14–01491–CV, 2016 WL 1242480, at *10 (Tex. App.—Dallas Mar. 30, 2016, no. pet. h.). *But see Roach v. Vehicle*, No. 3:15–CV–3228–G, 2016 WL 795967, at *5 (N.D. Tex. Feb. 29, 2016) (finding adjusters may be liable under Section 541.060(a)(2) because "the insurance adjuster, as the person primarily responsible for investigating and evaluating insurance claims, has the ability to affect or bring about the 'prompt, fair, and equitable settlement' of claims, because it is upon his investigation that the insurance company's settlement of a claim is generally based.")).

[50] *Id.* (citing *Mainali Corp. v. Covington Specialty Ins. Co*., 3:15–CV–1087–D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) ("[A]n adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim."); *One Way Investments, Inc. v. Century Sur. Co*., 3:14–CV–2839–D, 2014 WL 6991277, at *5 (N.D. Tex. Dec. 11, 2014) ("[A]n adjuster cannot be held liable under [§ 541.060(a)(4)(A)] because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder.")).

[51] *Id.*

[52] *Id.*

25. Further, regarding Section 541.060(a)(3), the Court in *Mainali Corp. v. Covington Specialty Ins. Co.* held "an adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise or settlement of a claim."[53]

26. Regarding section 541.0606(a)(4), the court in *One Way Investments, Inc.* held "an adjuster cannot be held liable under this section because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder."[54]

27. In this case, Plaintiffs have not alleged that Littleton and Turner had settlement authority on behalf of Underwriters. Rather, their sole role was to assess the alleged damage to the property. This is reflected by the fact that all of the "factual" allegations in Plaintiffs' Complaint regarding Littleton and Turner only relate to the inspection of the Property. Littleton and Turner were under no obligation to provide Plaintiffs with an explanation for the insurer's decision on the claim at issue. For these reasons, Plaintiffs failed to state a claim against Littleton and Turner under Sections 541.060(a)(2), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code, and, thus, Littleton and Turner were improperly joined.

***iii. Plaintiffs' remaining allegations against Littleton and Turner fail to state a claim for relief under the Texas Insurance Code.***

28. Plaintiffs also allege (1) Littleton and Turner "conducted a substandard inspection of Plaintiffs' property"; (2) Littleton "failed to thoroughly review and properly oversee the work of their assigned Adjuster"; (3) Littleton and Turner were "aware that the Insurance Company was incentivizing them to minimize the amount of storm-related damages payable under its policies"; and (4) Littleton and Turner performed an "outcome-oriented investigation" of

[53] *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087-D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015)
[54] *Id.*

Plaintiffs' claim. These allegations do not state a claim upon which relief may be granted.

29. The Southern District addressed similar allegations in *Hay* and held "[a]s for the allegations that Mr. Lopez ignored damage known to be covered by the Policy and conducted an 'outcome-oriented investigation' in order to provide [the insurer] with a basis of underpaying her claim, [the insured] does not make clear—and the Court cannot identify—any provision of the Code which is violated by such actions."[55] The court further held "[e]ven if an 'outcome-oriented investigation' does violate some provision of the Insurance Code, the Court considers that, here too, the underlying allegation is that [the insurer] underpaid [the insured's] claim. [The insured] has failed to allege any prohibited action taken by [the in-state adjuster] that is distinct from [the insurer's] underpayment."[56]

30. Similarly, in *Messersmith*, the Northern District of Texas considered allegations that an adjuster and adjusting firm misrepresented the scope of damages caused by the storm at issue, as Plaintiffs do here.[57] The Court held "[t]he problem with [the insured's] allegations is that the statements do not 'relate[] to coverage at issue.' The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage. [The adjuster] would have had to represent that [the insured] 'would receive a particular kind of policy that it did not receive' or 'denied coverage against loss under specific circumstances that it previously represented would be covered.' Here, the misrepresentation is not about the breadth or existence of coverage, it is about the facts that gave rise to a policy claim."[58] Thus, the court held the insured's allegations did not give rise to a claim under the Texas Insurance Code.[59]

31. For the same reasons, Plaintiffs' similar allegations in this case fail to state a

---

[55] *Hay v. Great Lakes Reinsurance (UK) SE, et al*, Case No. 7:16-cv-00235, slip op. at 8–9 (S.D. Tex. Aug. 4, 2016).
[56] *Id.* at 9.
[57] *Messersmith*, 10 F.Supp.3d at 724.
[58] *Id*. (citing *Confederate Air Force*, 16 F.3d AT 91).
[59] *See id*.

claim. As the court held in *Hay*, Littleton and Turner's alleged actions do not violate any provision of the Texas Insurance Code. Additionally, Plaintiffs' underlying allegation in this lawsuit is that Underwriters—not Littleton and Turner—allegedly underpaid Plaintiffs' claim.

32. For these reasons, Plaintiffs have failed to state a claim upon which relief may be granted against Littleton and Turner under the Insurance Code, rendering them improperly joined.

***iv. Underwriters accepted liability for Littleton and Turner pursuant to Tex. Ins. Code § 542A.006(a) & (c); thus, no claim exists against Littleton or Turner.***

33. In its original answer filed in state court, Underwriters made an election pursuant to Tex. Ins. Code § 542A.006(a), and agreed "to accept whatever liability, if any, . . . Defendants The Littleton Group and Bryan Turner might have to Plaintiffs for any alleged acts or omissions related to the insurance claim at issue."[60] Section 542A.006(a) states, "in an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant."[61] Tex. Ins. Code § 542A.006(c) further provides, **"[i]f a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court <u>shall dismiss</u> the action against the agent with prejudice."**[62]

34. Chapter 542A applies to first-party claims such as this one that arise from damage allegedly caused by forces of nature including a hurricane.[63] Additionally, Littleton and Turner fall within the definition of "agent" as set forth in Section 542.001(1): "'Agent' means an

[60] *See* Underwriters" Original Answer, ¶ 18.
[61] Tex. Ins. Code § 542A.006(a).
[62] *Id.* at § 542A.006(c) (emphasis added).
[63] *Id.* at § 542A.001(2).

employee, agent, representative, or adjuster who performs any act on behalf of an insurer."[64]

35. Because Underwriters made the election provided for under section 542A.006(a), no claim exists against Littleton and/ or Turner. Thus, for this additional reason, Littleton and Turner are improperly joined, and the Court should dismiss Littleton and Turner with prejudice as required by Tex. Ins. Code § 542A.006(c).

**C. The amount in controversy exceeds $75,000.**

36. Diversity jurisdiction is proper if "it is facially apparent" from the Plaintiffs' complaint that their "claims are likely above [$75,000]."[65] Plaintiffs in this case "are seeking monetary relief between $100,000 and $200,000" for damages caused by Hurricane Harvey.[66] Therefore, based on the value of relief sought by Plaintiffs in their Complaint, the amount in controversy exceeds $75,000, exclusive of interests and costs.

## III. VENUE

37. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the 260th Judicial District Court of Orange County, Texas, the forum in which the removed action was pending.

## IV. ADDITIONAL REQUIREMENTS

38. Underwriters have provided notice to Plaintiffs through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiffs' counsel of record, and have also provided notice to the Clerk of Court for the 260th Judicial District Court of Orange County, Texas through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the State Court Action.

---

[64] *Id.* at § 542A.001(1).
[65] *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 639 (5th Cir. 2003) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995))).
[66] *See* Complaint, at ¶ 6.

39. Copies of pleadings, process, orders, and other filings in the State Court Action are attached to this notice as **Exhibit C** as required by 28 U.S.C. § 1446(a).[67]

40. Pursuant to Federal Rule of Civil Procedure 81 and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

| | |
|---|---|
| **Exhibit A**: | Listing of All Parties and Counsel of Record; |
| **Exhibit B**: | Civil Cover Sheet; |
| **Exhibit C**: | Index of Documents Filed in State Court Action; |
| **Exhibits C-1 - C-9**: | Certified Docket Sheet and copies of filings in State Court Action; |
| **Exhibit D**: | List of Action Being Removed; |
| **Exhibit E**: | Policy; and |
| **Exhibit F**: | Service information. |

WHEREFORE, Defendant Certain Underwriters at Lloyds, London prays that this matter be removed to the United States District Court for the Eastern District of Texas, Beaumont Division for further proceedings and disposition.

Respectfully submitted,

By: */s/ Valerie Henderson*

**Valerie Henderson**
Texas Bar No. 24078655
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 – Facsimile
vhenderson@bakerdonelson.com

***Attorney for Defendant Certain Underwriters at Lloyds, London***

**Certificate and Notice of Filing**

I certify that on October 14, 2019, the Notice of Removal was sent to the 260th Judicial District Court of Orange County, Texas, and that written notice of filing of the Notice of Removal was served via electronic service upon the attorney of record for Plaintiff.

[67] *See* Exhibit C: Index of All Documents Filed in State Court Action.

*/s/ Valerie Henderson*
Valerie Henderson

**CERTIFICATE OF SERVICE**

I certify that on October 14, 2019, the foregoing Notice of Removal was served on counsel for Plaintiff via electronic service pursuant to the Federal Rules of Civil Procedure.

Michael R. Ramsey
Katherine D. Ramsey
**RAMSEY LAW**
6280 Delaware Street, Ste A
Beaumont, Texas 77706
ramseydocket@ramseylaw.com

*/s/ Valerie Henderson*
Valerie Henderson