## **EXHIBIT C: INDEX OF DOCUMENTS FILED IN STATE COURT ACTION**

| EXHIBIT | DATE FILED | DOCUMENT TITLE |
|---------|------------|----------------|
| C-1 | | CERTIFIED COPY OF DOCKET SHEET |
| C-2 | 09/09/2019 | PLAINTIFFS' ORIGINAL PETITION |
| C-3 | 09/09/2019 | PLAINTIFFS' CIVIL PROCESS REQUEST |
| C-4 | 09/12/2019 | CITATION BY CERTIFIED MAIL TO DEFENDANT THE LITTLETON GROUP |
| C-5 | 09/12/2019 | CITATION BY CERTIFIED MAIL TO DEFENDANT CERTAIN UNDERWRITERS AT LLOYDS, LONDON |
| C-6 | 09/12/2019 | CITATION BY PERSONAL SERVICE TO DEFENDANT BRYAN TURNER |
| C-7 | 09/24/2019 | RETURN OF SERVICE FOR DEFENDANT THE LITTLETON GROUP |
| C-8 | 10/01/2019 | RETURN OF SERVICE FOR DEFENDANT BRYAN TURNER |
| C-9 | 10/04/2019 | DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND ELECTION PURSUANT TO TEX. INS. CODE § 542A.006 |

# Orange County District Court

**801 W Division. Orange, 77630 TX. Phone: (409)882-7825 EXT**

## CASE HISTORY FOR CASE 190369-C

**Steve Carlton, et al VS. Certain Underwriters at Lloyds, London, et al**

FILED DATE: 9/9/2019

CASE TYPE: C/CONTRACT - OTHER

STATUS: JURY DEMAND

JUDGE: 260th District Court

## CASE PARTIES:

| | |
|---|---|
| Plaintiff | Carlton, Steve |
| Plaintiff Attorney | Ramsey, Michael R |
| Defendant | Certain Underwriters at Lloyds, London |
| Defendant | The Littleton Group |
| Defendant | Turner, Bryan |
| Plaintiff | Gunn, Thomas A. |

## CASE HISTORY FOR CASE 190369-C

**Carlton, Steve**

Current Age: Unknown
DL#:
Total Paid: $ 476.00

DOB: Unknown
SSN: 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
Balance Due: $ 0.00

,

| COST | AMOUNT | PAY PRIORITY |
|---|---|---|
| Action: PLAINTIFF'S ORIGINAL PETITION | | |
| COMP  PUB ACCT CV (DC) $50.00 | $50.00 | 20 |
| DISTRICT CLK'S FEE-CASE $50.00 | 50.00 | 50 |
| ORANGE CO SHERIFF -CASE $5.00 | 5.00 | 50 |
| LAW LIBRARY FEES $20.00 | 20.00 | 50 |
| STENOGRAPHIC FEES $15.00 | 15.00 | 50 |
| COURTHOUSE SEC  FUND $5.00 | 5.00 | 50 |
| REC MGMT PRES $5. GC 51.317 (c)(2) | 5.00 | 50 |
| REC MGMT PRES FUND(CL-R) GC 51.317(c)(1 | 5.00 | 40 |
| JUDICIARY FEE | 42.00 | 30 |
| STATE:IND LGL(C)LGC 133.152 (a)(1) | 10.00 | 30 |
| APPELLATE JUD SUPPORT FEE | 5.00 | 30 |
| DC DIGITIZE CT. R. GC 51.708 | 10.00 | 40 |
| DC ARCHIVE 51.305 (b) | 10.00 | 40 |
| STATE E-FILING (C) $30 GC 51.851 (b) | 30.00 | 20 |
| | | |
| Action: CITATION REQUESTED (CERTIFIED MAIL) | | |
| DISTRICT CLERK FEES : GENERAL | 166.00 | 50 |
| | | |
| Action: CITATION REQUESTED (PROCESS SERVER) | | |
| DISTRICT CLERK FEES : GENERAL | 8.00 | 50 |
| | | |
| Action: JURY DEMAND + NO IMAGE | | |
| JURY FEE | 40.00 | 50 |
| Total: | $476.00 | |

| DATE | TIME | DESCRIPTION |
|---|---|---|
| 10/01/2019 | 2:17 pm | Filing recorded: CITATION RETURNED + Turner, Bryan |
| 09/23/2019 | 3:39 pm | Filing recorded: CITATION RETURNED + The Littleton Group |

Print Date:     10/03/2019
Print Time:     10:03:31AM
Requested By: ANNETTEV

**File:** U:\Reports\CaseHistoryCivil.RPT

**EXHIBIT**

**C-1**

Page 1 of 2

**CASE HISTORY FOR CASE 190369-C**

| | | |
|---|---|---|
| 09/16/2019 | 10:32 am | Received payment of $476.00 from Michael R Ramsey (efile) for Steve  Carlton.  Printed receipt #525590.<br>Carlton, Steve |
| 09/12/2019 | 2:26 pm | Filing recorded: CITATION/S ISSUED + ELECTRONICALLY<br>Turner, Bryan |
| 09/12/2019 | 2:26 pm | ANNETTEV recorded the following Case Action Note: Emailed to jga@jangirouard.com.<br>Turner, Bryan |
| 09/12/2019 | 1:45 pm | Filing recorded: CITATION REQUESTED (PROCESS SERVER)<br>Carlton, Steve |
| 09/12/2019 | 1:44 pm | Filing recorded: CITATION/S ISSUED + CMRRR<br>The Littleton Group |
| 09/12/2019 | 1:44 pm | Filing recorded: CITATION/S ISSUED + CMRRR<br>Certain Underwriters at Lloyds, London |
| 09/12/2019 | 1:17 pm | ANNETTEV recorded the following Case Action Note: Scanned to OP.<br>Carlton, Steve |
| 09/09/2019 | 1:21 pm | Filing recorded: CITATION REQUESTED (CERTIFIED MAIL)<br>Carlton, Steve |
| 09/09/2019 | 1:18 pm | Filing recorded: REQ FOR PROCESS FORM<br>Carlton, Steve |
| 09/09/2019 | 1:17 pm | Filing recorded: JURY DEMAND + NO IMAGE<br>Carlton, Steve |
| 09/09/2019 | 1:16 pm | Filing recorded: PLAINTIFF'S ORIGINAL PETITION<br>Carlton, Steve |
| 09/09/2019 | 1:15 pm | Filing recorded: E-FILE RECEIPT<br>Carlton, Steve |

**STATE OF TEXAS**

**COUNTY OF ORANGE**

I, VICKIE EDGERLY, Clerk of the District Court in and for Orange County, Texas, do hereby certify that the above and foregoing is a copy and appears as the record in my office.

Witness my official seal and signature of office on Orange, Texas, on October 3, 2019.



**VICKIE EDGERLY, DISTRICT CLERK**
ORANGE COUNTY, TEXAS

**Vickie Edgerly, District Clerk**
**Orange County, Texas**
**Reviewed By: Annette Vaughan**

CAUSE NO. D190369-C _____

| | | |
|---|---|---|
| **STEVE CARLTON AND THOMAS A. GUNN** | § § § | IN THE DISTRICT COURT OF |
| **VS.** | § § | |
| | § | ORANGE COUNTY, TEXAS |
| **CERTAIN UNDERWRITERS AT LLOYDS, LONDON, THE LITTLETON GROUP AND BRYAN TURNER** | § § § | 260th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Steven Carlton and Thomas A. Gunn ("**Plaintiffs**"), and files this Plaintiffs' Original Petition, complaining of Defendants Certain Underwriters at Lloyds, London, The Littleton Group and Bryan Turner (hereinafter collectively referred to as "**Defendants**") and for cause of action would show the following:

### DISCOVERY

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### PARTIES

2.      Plaintiffs Steve Carlton and Thomas A. Gunn have a business located in Orange County, Texas.

3.      Defendant Certain Underwriters at Lloyds, London is an alien or foreign insurance company registered to engage in the business of insurance in Texas. This defendant may be served with process via certified mail, return receipt requested, by serving its Registered Agent, Mendes & Mount, 750 Seventh Ave, New York, NY 10019-6829.

**EXHIBIT**
**C-2**

4.      Defendant The Littleton Group is an alien or foreign adjusting company registered to engage in the business of adjusting insurance claims in Texas. This defendant may be served with process via certified mail, return receipt requested, by serving its President or any other officer, at 1250 S. Capital of Texas Highway, Building 1, Suite 550, Austin, Texas 78746 or wherever else it maybe found.

5.      Defendant Bryan Turner is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster. This defendant may be served with personal process at his residence located at 110 Oakland, Vidor, Texas or wherever else he may be found.

## JURISDICTION

6.      The court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the court. Plaintiffs are seeking monetary relief between $100,000 and $200,000. Plaintiffs reserve the right to amend their pleading as per the Texas Rules of Civil Procedure.

7.      The Court has jurisdiction over this cause of action because there is no diversity between the parties and because the amount of controversy is within the jurisdictional limits of the Court.

8.      The court has jurisdiction over Defendant Certain Underwriters at Lloyds, London because this Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiffs' causes of action arise out of this Defendant's business activities in the state of Texas.

9.      The court has jurisdiction over Defendant The Littleton Group, because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiffs' causes of action arise out of this Defendant's business activities in the state of Texas.

2

10. The court has jurisdiction over Defendant Bryan Turner because Defendant engaged in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

## VENUE

11. Venue in this cause is proper in Orange County because the insured property is situated in Jefferson County. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

12. Plaintiffs are the owners of a Commercial Property Insurance Policy (hereinafter referred to as "**the Policy**"), which was issued by Certain Underwriter at Lloyds, London (referred to herein as "**Insurance Company**").

13. Plaintiffs own the insured property, which is specifically located at 202 Border Street, Orange, Texas 77630 (hereinafter referred to as "**the Property**").

14. Insurance Company sold the Policy insuring the Property to Plaintiffs.

15. On or about August 30, 2017, Plaintiffs' Property sustained wind and water damage due to Hurricane Harvey to the following areas: roof and interior damage to the ceiling tiles. Plaintiffs filed a claim with its Insurance Company for the damages to its property caused by Hurricane Harvey.

16. Pursuant to the Policy, Plaintiffs asked that the Insurance Company pay for the damage to the Property.

17. The Insurance Company, without requiring written notice of the claim from the Plaintiffs, assigned adjuster, Bryan Turner (referred to herein as "**Adjuster**"), who was improperly trained by The Littleton Group (referred to jointly herein as "**Adjusting Company**") and Insurance Company or otherwise neglected any such training and failed to perform a complete investigation of the Claim.

3

18.     Adjuster conducted a substandard inspection of Plaintiffs' property.  Specifically, Bryan Turner was the adjuster assigned to the claim on behalf of Adjusting Company and/or Insurance Company.  The inspection to the property was done on September 19, 2017 and again on October 11, 2018.  The Adjuster's inspections of the Property were substandard.

19.     On May 9, 2019, Turner improperly denied the claim stating that there was "no storm created opening in the roofing system or to the various exterior elevations of the building" Turner's inadequate investigation as ratified by Insurance Company and Adjusting Company and resulted in the Claim being denied.

20.     As such, Defendants did not allow adequate funs to cover the cost of repairs to all the damages sustained.

21.     Insurance Company and Adjusting Company's personnel failed to thoroughly review and properly oversee the work of their assigned Adjuster, ultimately approving and adopting an improper adjustment and an inadequate, unfair settlement of Plaintiffs' Claim.

22.     This unreasonable investigation resulted in the considerable underpayment of Plaintiffs' Claim.

23.     Together, Defendants set out to deny and/or underpay on properly covered damages.  The Insurance Company failed to provide full coverage for the damages sustained by Plaintiffs and Defendants failed to fully scope the damages, undervalued the damages, and thus denied adequate and sufficient payment to Plaintiffs.

24.     The mishandling of the claim also caused a delay in Plaintiffs' ability to fully repair its property, which has resulted in additional damages.  To this date, Plaintiffs have yet to receive full payment under the Insurance Policy for its covered damages.

25.     The Insurance Company ratified the Adjuster's and Adjusting Company's inadequate methods and investigation, resulting in Plaintiffs' claims being denied.   The unreasonable investigation of Plaintiffs' claim resulted in the considerable underpayment and wrongful denial of the claim.   Plaintiffs have suffered actual damages resulting from Defendants' wrongful acts and omissions as set forth above and further described herein.

26.     The Insurance Company chose and adopted a business model that provided for retaining very few, if any, qualified adjusters as employees, and instead relied upon outside contractors to perform the Insurance Company's non-delegable duties of investigating claims in accordance with applicable Texas law.   In addition, the Insurance Company compensated its outside contractor adjusters by incentivizing them to exclude or artificially minimize the amount of storm-related damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law. Further, the Insurance Company had no or inadequate procedures in place to monitor or regularly audit the work product of its outside adjusters. Therefore, the Insurance Company was reasonably aware, or knew or should have known, that claims estimates generated by its adjusters, inclusive of the estimates at issue in this case, were wholly deficient by any measure under the contract and the law and likely to result in considerable underpayment and wrongful denial of storm-related claims, as occurred with Plaintiffs' claim.

27.     Moreover, Adjuster and Adjusting Company were aware that the Insurance Company was incentivizing them to minimize the amount of storm-related damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas

5

law. Adjuster and Adjusting Company accepted these terms knowing that they would likely cause their inspections and resulting claims estimates to exclude or artificially minimize the amount of storm-related damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law.

28. As detailed in the paragraphs below, Insurance Company wrongfully denied Plaintiffs' claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Insurance Company denied Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs.

29. Insurance Company continues to delay paying Plaintiffs for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to its Property.

30. Insurance Company voluntarily assumed a non-contractual obligation to inspect and value Plaintiffs' damages, thereby causing its conduct to be governed by the applicable provisions of the Texas Insurance Code. However, it then failed to comply with its duties and obligations under the law for inspecting and valuing covered losses, and likewise failed to perform its contractual duty to adequately compensate Plaintiffs for monies owed to it under the Policy. More specifically, but without limitation, Insurance Company failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. As such, and as further described herein, Insurance Company's conduct in this regard constitutes both a violation of the applicable provisions of the Texas Insurance Code, as well as a breach of the insurance contract between Insurance Company and Plaintiffs.

31.     Defendants Insurance Company, Adjusting Company, and Adjuster misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. As such, Defendants Insurance Company's, Adjusting Company's, and Adjuster's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

32.     Defendants Insurance Company, Adjusting Company, and Adjuster failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. As such, Defendants Insurance Company's, Adjusting Company's, and Adjuster's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

33.     Defendants Insurance Company, Adjusting Company, and Adjuster failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Insurance Company, Adjusting Company, and Adjuster did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. As such, Defendants Insurance Company's, Adjusting Company's and Adjuster's conduct in this regard is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

34.     Defendants Insurance Company, Adjusting Company, and Adjuster failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Insurance Company, Adjusting Company, and Adjuster. As such,

Defendants Insurance Company's, Adjusting Company's and Adjuster's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

35.     Defendants Insurance Company, Adjusting Company, and Adjuster refused to fully compensate Plaintiffs under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants Insurance Company, Adjusting Company, and Adjuster performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the property. As such, Defendants Insurance Company's, Adjusting Company, and Adjuster's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

36.     After receiving notice of Plaintiffs' claim, Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code to timely and within the statutorily mandated time acknowledge Plaintiffs' claim, begin an investigation of Plaintiffs' claim and request all information reasonably necessary to investigate Plaintiffs' claim. As such, Insurance Company's conduct in this regard constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.055.

37.     Insurance Company failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.056.

38.     Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Insurance Company has delayed full

8

payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for its claim. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

39. From and after the time Plaintiffs' claim was presented to Insurance Company, the liability of Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Insurance Company has refused to pay Plaintiffs in full, despite there being no basis on which a reasonable insurance company would have relied on to deny the full payment. As such, Insurance Company's conduct in this regard constitutes a breach of the common law duty of good faith and fair dealing.

40. Defendants' wrongful acts and omissions, as further detailed herein, Plaintiffs were forced to retain the professional services of the attorneys and law firm who are representing it with respect to these causes of action.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST
### DEFENDANTS ADJUSTER AND ADJUSTING COMPANY

41. In support of the causes of action set forth herein, Plaintiffs' incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 39 as if fully set forth *verbatim*.

42. Insurance Company assigned Adjusting Company and Adjuster to adjust the claim. Adjusting Company and Adjuster were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During their investigation, Adjusting Company and Adjuster failed to properly assess Plaintiffs' damages.

43. As such, Adjusting Company's and Adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

44. Bryan Turner is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Insurance Company, because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjustor* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). *See also, Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.* 996 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

45. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Adjusting Company's and Adjuster's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Adjusting Company's and Adjuster's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair

10

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

46. Adjusting Company's and Adjuster's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

47. Adjusting Company and Adjuster failed to explain to Plaintiffs the reason for their inadequate settlement. Specifically, Adjusting Company and Adjuster failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Adjusting Company and Adjuster did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Adjusting Company and Adjuster, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis as set forth in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

48. Adjusting Company's and Adjuster's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

11

49.     Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

CAUSES OF ACTION AGAINST
CERTAIN UNDERWRITERS AT LLOYDS, LONDON

50.     In support of the causes of action set forth herein, Plaintiffs' incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 48 as if fully set forth *verbatim*.

51.     Insurance Company is liable to Plaintiffs for breach of contract, as well as violations of the Texas Insurance Code and breach of good faith and fair dealing.

**BREACH OF CONTRACT**

52.     Insurance Company's conduct constitutes a breach of the insurance contract made between Insurance Company and Plaintiffs.

53.     Insurance Company's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Insurance Company's insurance contract with Plaintiffs.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
UNFAIR SETTLEMENT PRACTICES**

54.     Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

55.      Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

56.      Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

57.      Insurance Company's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and un unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

58.      Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

59.      Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

60.      Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

61.     Insurance Company's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE §542.055.

62.     Insurance Company's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

63.     Insurance Company's delay of the payment of Plaintiffs' claim following its receipt of all items, statements and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

64.      In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 62 as if fully set forth *verbatim*.

65.     Adjusting Company and Adjuster are agents of Insurance Company based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the Insurance Company. TEX. INS. CODE §4001.051.

66.     Separately, and/or in the alternative, as referenced and described above, Insurance Company ratified the actions and conduct of Adjusting Company and Adjuster, including the completion of their duties under the common and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

67.     In support of the causes of action set forth herein, Plaintiffs' incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 65 as if fully set forth *verbatim*.

14

68.     Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiffs in its Policy.

69.     Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although at that time, Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DAMAGES

70.     In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 68 as if fully set forth *verbatim*.

71.     Plaintiffs would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiffs.

72.     As previously mentioned, the damages have not been properly addressed or repaired, causing further damages to the Property while also causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants mishandling of Plaintiffs' claim in violation of the laws set forth above.

73.     For breach of contract, Plaintiffs are entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorneys' fees.

74.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, court costs, and attorneys' fees. TEX. INS. CODE §541.152.

75.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of its claim, as well as the prejudgment interest, penalty interest pursuant to Chapter 542.060(c), cost, together with attorneys' fees. TEX. INS. CODE §542.060.

76.    For breach of common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, and losses due to nonpayment of the amount the Insurance Company owed.

77.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

78.    Plaintiffs hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Orange County, Texas. Plaintiffs are tendering the appropriate jury fee.

## CONDITIONS PRECEDENT

79.    All conditions precedent to Plaintiffs' claim for relief has been performed or has occurred. This includes, but is not limited to, providing notice pursuant to Texas Insurance Code 542A.

## REQUEST FOR DISCLOSURE

80.    Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l) and Rule 190.2(b)(6).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself to be justly entitled.

Respectfully Submitted,

**RAMSEY LAW**

*/s/ Michael R. Ramsey*
Michael R. Ramsey
State Bar No.16520200
Katherine D. Ramsey
State Bar No. 24070469
6280 Delaware Street, Ste A
Beaumont, Texas 77706
T: 409.444.2020
F: 409.444.2021
ramseydocket@ramseylaw.com

**ATTORNEYS FOR PLAINTIFFS**



*Vickie Edgerly*
*Orange County District Clerk*
*801 W. Division Ave.*
*Orange, Texas 77630-6364*
**Phone:** (409) 882-7825
**Fax:** (409) 882-7083

Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Annette Vaughan

Anne Reed
Chief Deputy - Civil

Brandee Avery
Chief Deputy - Criminal

# E-FILING REQUEST FOR PROCESS
All sections **must** be completed for processing this request

**Section 1:**

**Cause No.** D190369-C                **Date** 9.9.19

**Style of Case:** Steve Carlton and Thomas A. Gunn vs. Certain Underwriters at Lloyds, London, The Littleton Group and Bryan Turner

**Section 2:**

**Title of your Document  / Name of Pleading to be attached for Service**
Plaintiff's Original Petition

**Section 3:**

**Put the NUMBER of parties by the type of Service you're requesting below:**

___3___  Citation ($8.00 per party & per pleading)
_____  Temporary Restraining Order ($8.00 per party)
_____  Notice of Hearing/Notice to Show Cause/Order to Appear ($8.00 per party)
_____  Application for Protective Order/Temporary (Ex Parte) Protective Order **
            **Submit the **REQUIRED TCIC/NCIC Form** and List below the Law Enforcement Agency to be served on:
            _____
_____  Precept to Serve ($8.00 per party)
_____  Writ of _____ (8.00 per party)
_____  Citation  by Posting ($8.00 per party)
_____  Citation  by Publication ($8.00 per party)* Newspapers Name & Address:_____
_____  Citation  by  Secretary of State ($16.00 per party)
_____  Citation  by  Texas Highway Commission ($16.00 per party)
_____  Civil Bond Approval ($4.00)
_____  Other _____

**Section 4:**

**Put a ✓ by Type of Delivery below:**

___X___  By E-Mail **(Please provide E-Mail address, Contact Name and Phone Number below)**
            ramseydocket@ramseylaw.com

_____  Process Server
_____  Out of County

**EXHIBIT C-3**

_____  Orange Co. Sheriff (add $75.00 per party & per piece of service)
_____  Writ Served by Orange Co. Sheriff (add $125.00 per party)
_____  Certified Mail-Return Receipt Requested (add $75.00 per party& per piece of service)  ☐ **Restricted Delivery**
_____  Protective Order
_____  Warrant or Capias (Civil $80.00)
___✓___  Other: Private Process Service - Please call 409.832.2721 when citations are ready for pick up

**** Service NOT being returned by E-mail:**
There will be a service copy charge of **$1.00** **per page**, **per pleading** & **per party**, Please list below the total amount of copies and cost you will be paying.

_____  **Copies for Service:** Total Number of Pages, Per Party being served: _____,  $ _____

**Section 5:**

**Parties to Be Served:** (Please Type or Print)

**1. Name:** Certain Underwriters at Lloyds, London, through its registered agent, Mendes & Mount

Address: 750 Seventh Ave

City: New York     State: New York     Zip: 10019-6829

Type of Service requested: Certified mail, return receipt requested-Please call 409.832.2721 when ready to be picked up

**2. Name:** The Littleton Group

Address: 1250 S. Capital of Texas Highway, Building 1, Suite 550

City: Austin     State: Texas     Zip: 78746

Type of Service requested: Certified mail, return receipt requested-Please call 409.832.2721 when ready to be picked up

**3. Name:** Bryan Turner

Address: 110 Oakland

City: Vidor     State: Texas     Zip: 77662

Type of Service requested: Personal Process-Please call 409.832.2721 when ready to be picked up
ramseydocket@ramseylaw.com

**4. Name:**

Address:

City:     State:     Zip:

Type of Service requested:

**5. Name:**

Address:

City:     State:     Zip:

Type of Service requested:

**6. Name:**

Address:

City:     State:     Zip:

Type of Service requested:

**Section 6:**

**Attorney's Name:** Michael R. Ramsey

Address: 6280 Delaware Street, Suite A

City: Beaumont     State: Texas     Zip: 77706

Attorney'sTelephone No.: 409.444.2020     Attorney's Bar No.: 16520200

Attorney's E-Mail Address: ramseydocket@ramseylaw.com

## THE STATE OF TEXAS

To:   **The Littleton Group**
      **1250 S. Capital of Texas Highway**
      **Building 1, Suite 550**
      **Austin, TX  78746**

Defendant, **NOTICE:**

**YOU HAVE BEEN SUED.**  You may employ an attorney. If you or your Attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Said **ANSWER** may be filed with the District Clerk's Office, Orange County Courthouse, 801 W Division Ave, Orange Texas 77630.

Said   **PLAINTIFF'S ORIGINAL PETITION**

was filed and docketed in the 260th District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, Orange, Texas on September 9, 2019 in the following styled and numbered cause:

Cause No:   190369-C

**Steve Carlton, et al VS. Certain Underwriters at Lloyds, London, et al**

The name and address of the attorney for Plaintiff otherwise the address of Plaintiff is:

**Michael R Ramsey   Ramsey Law**
**6280 Delaware St., Ste. A**
**Beaumont, TX   77706**

**ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this September 12, 2019.



**VICKIE EDGERLY, District Clerk**
Orange County, Texas

*Vickie Edgerly*

---

### CLERK'S RETURN FOR CERTIFIED MAIL

CAME TO HAND on the 12th day of September, 2019, at 3:00 o'clock P.M. and executed in Orange County, Texas, by delivering to each of the within named defendants a true copy of this citation, by certified mail, return receipt requested, Addressee Only, the return receipt being attached to this citation and referred hereto for all pertinent purposes.

CERT. MAIL #9214 7969 0099 9790 1629 8318 84 DELIVERY DATE:_____   RETURN DATE:_____

### ALTERNATE RETURN

CAME TO HAND on the _____ day of _____, 20_____, at 3:00 o'clock P.M. and after due and diligent effort, having been unable to locate the within named Defendants in _____ _____ by certified mail, return receipt requested, Addressee Only, for the reason shown on the return receipt attached to this citation and referred hereto for all pertinent purposes.

**EXHIBIT**
**C-4**

**VICKIE EDGERLY, District Clerk**
Orange County, Texas

By:_____Deputy

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

**For delivery information, visit our website at www.usps.com®**

9214 7969 0099 9790 1629 8318 84

| Certified Mail Fee | |
|---|---|
| $ | $3.50 |

**Extra Services & Fees** *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $ $2.80
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

| Postage | |
|---|---|
| $ | $0.500 |

Total Postage and Fees $6.800
$

*Sent To*                The Littleton Group
                         1250 S. Capital of Texas Highway
*Street, Apt. No.,*      Building 1, Suite 550
*or PO Box No.*          Austin, TX 78746
*City, State, Zip+4*
                         9/12/2019   1:57:51PM

**PS Form 3800, April 2015**          **See Reverse for Instructions**

Code: D190369-C  AV
Code2: Carlton & Gunn OP

## THE STATE OF TEXAS

**To:  Certain Underwriters at Lloyds, London**
**Registered Agent: Mendes & Mount**
**750 Seventh Ave.**
**New York, NY  10019-6829**

Defendant, **NOTICE:**

**YOU HAVE BEEN SUED.**  You may employ an attorney. If you or your Attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Said **ANSWER** may be filed with the District Clerk's Office, Orange County Courthouse, 801 W Division Ave, Orange Texas 77630.

Said           **PLAINTIFF'S ORIGINAL PETITION**

was filed and docketed in the 260th District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, Orange, Texas on September 9, 2019 in the following styled and numbered cause:

**Cause No:    D190369-C**

**Steve Carlton, et al VS. Certain Underwriters at Lloyds, London, et al**

The name and address of the attorney for Plaintiff otherwise the address of Plaintiff is:

**Michael R Ramsey**
**Ramsey Law**
**6280 Delaware St., Ste. A**
**Beaumont, TX   77706**

**ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this September 12, 2019.



**VICKIE EDGERLY, District Clerk**
Orange County, Texas

*Vickie Edgerly*

## CLERK'S RETURN FOR CERTIFIED MAIL

CAME TO HAND on the 12th day of September, 2019, at 3:00 o'clock P.M. and executed in Orange County, Texas, by delivering to each of the within named defendants a true copy of this citation, by certified mail, return receipt requested, Addressee Only, the return receipt being attached to this citation and referred hereto for all pertinent purposes.

CERT.  MAIL  #9214  7969  0099  9790  1629  8314  71  DELIVERY  DATE:_____   RETURN DATE:_____

## ALTERNATE RETURN

CAME TO HAND on the _____day of _____, 20_____, at 3:00 o'clock P.M. and after due and diligent effort, having been unable to locate the within named Defendants in _____ _____ by certified mail, return receipt requested, Addressee Only, for the reason shown on the return receipt attached to this citation and referred hereto for all pertinent purposes.

**EXHIBIT**
**C-5**

**VICKIE EDGERLY, District Clerk**
Orange County, Texas

By:_____Deputy

# U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

9214 7969 0099 9790 1629 8314 71

| Certified Mail Fee | |
|---|---|
| $ **$3.50** | |

**Extra Services & Fees** *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ **$2.80**
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery  $ **$0.00**
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

| Postage | |
|---|---|
| $ **$0.500** | |

**Total Postage and Fees** **$6.800**
$

*Sent To*
Certain Underwriters at Lloyds, London
Registered Agent: Mendes & Mount
750 Seventh Avenue
New York, NY 10019-6829

*....et, Apt. No.,*
*.....~ No.*
.4

9/12/2019   1:48:57PM

Code: D190369-C-AV
Code2-Carlton & Gunn OP

....015          See Reverse for Instructions

CIVIL CITATION – CITCVWD

### THE STATE OF TEXAS

**To:**   **Bryan Turner**
**110 Oakland**
**Vidor TX  77662**

Defendant, **NOTICE:**

   **YOU HAVE BEEN SUED.**  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

   Said **ANSWER** may be filed with the District Clerk's Office, Orange County Courthouse, 801 W Division Ave, Orange Texas 77630.

   Said       **PLAINTIFF'S ORIGINAL PETITION**

was filed and docketed in the Honorable 260th District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave,  Orange, Texas on September 9, 2019 in the following styled and numbered cause:

**Cause No:  D190369-C**

**Steve Carlton, et al VS. Certain Underwriters at Lloyds, London, et al**

   The name and address of the attorney for plaintiff otherwise the address of Plaintiff is:
      **Michael R Ramsey**
      **6280 Delaware St., Ste. A**
      **Beaumont TX  77706**
   **ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this September 12, 2019.



             **VICKIE EDGERLY, District Clerk**
             Orange County, Texas

---

### RETURN

   Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____, M., and executed in _____ County, Texas, at _____ o'clock_____ .M., on the _____ day of _____, 20_____, by delivering, in accordance with the requirements of law, to the within named _____In person, a true copy of this citation together with the accompanying copy of the petition, having first endorsed thereon the date of delivery.

   And not executed as to the defendant _____

the diligence used to execute being _____

the cause of failure to execute is _____

the defendant may be found _____

TOTAL FEES: _____         BY:_____

**EXHIBIT**
**C-6**

### THE STATE OF TEXAS

**To:**   **The Littleton Group**
       **1250 S. Capital of Texas Highway**
       **Building 1, Suite 550**
       **Austin, TX  78746**

Defendant, **NOTICE:**

**YOU HAVE BEEN SUED.**  You may employ an attorney. If you or your Attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Said **ANSWER** may be filed with the District Clerk's Office, Orange County Courthouse, 801 W Division Ave, Orange Texas 77630.

Said        **PLAINTIFF'S ORIGINAL PETITION**

was filed and docketed in the 260th District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, Orange, Texas on September 9, 2019 in the following styled and numbered cause:

**Cause No:**   190369-C

**Steve Carlton, et al VS. Certain Underwriters at Lloyds, London, et al**

The name and address of the attorney for Plaintiff otherwise the address of Plaintiff is:

   **Michael R Ramsey   Ramsey Law**
   **6280 Delaware St., Ste. A**
   **Beaumont, TX  77706**

**ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this September 12, 2019.

**VICKIE EDGERLY, District Clerk**
Orange County, Texas

---

### CLERK'S RETURN FOR CERTIFIED MAIL

CAME TO HAND on the 12<u>th</u> day of <u>September</u>, 20<u>19</u>, at 3:00 o'clock P.M. and executed in Orange County, Texas, by delivering to each of the within named defendants a true copy of this citation, by certified mail, return receipt requested, Addressee Only, the return receipt being attached to this citation and referred hereto for all pertinent purposes.

CERT. MAIL #<u>9214  7969  0099  9790  1629  8318  84</u>  DELIVERY DATE: <u>9-23-2019</u>  RETURN DATE: <u>9-17-2019</u>



### ALTERNATE RETURN

CAME TO HAND on the _____ day of _____, 20 _____, at 3:00 o'clock P.M. and after due and diligent effort, having been unable to locate the within named Defendants in _____ _____ by certified mail, return receipt requested, Addressee Only, for the reason shown on the return receipt attached to this citation and referred hereto for all pertinent purposes.

**VICKIE EDGERLY, District Clerk**
Orange County, Texas

By: _____Deputy

**EXHIBIT**
**C-7**



# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®

9214 7969 0099 9790 1629 8318 84

| Certified Mail Fee | |
|---|---|
| $ | $3.50 |

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $ _$2.80_
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery $ —$0.00—
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

| Postage | |
|---|---|
| $ | $0.500 |

Total Postage and Fees $6.800
$

Sent To

Street, Apt. No.,
or PO Box No.
City, State, Zip+4

The Littleton Group
1250 S. Capital of Texas Highway
Building 1, Suite 550
Austin, TX 78746

9/12/2019  1:57:51PM

PS Form 3800, April 2015          See Reverse for Instructions

Code: D190369-C  AV
Code2: Carlton & Gunn OP



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Littleton Group
1250 S. Capital of Texas Highway
Building 1, Suite 550
Austin, TX 78746

9/12/2019   1:57:51PM

9290 9969 0099 9729 8318 91,

2. Article Number *(Transfer from service label)*
7214 7969 0099 9790 1629 8318 84

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
MARISSA PAPA                       9/17/19

D. Is delivery address different from item 1?   ☐ Yes
   If YES enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053          **Domestic Return Receipt**

CIVIL CITATION – CITCVWD

## THE STATE OF TEXAS

**To:**   Bryan Turner
**110 Oakland**
**Vidor TX  77662**

Defendant, **NOTICE:**

**YOU HAVE BEEN SUED.**  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Said **ANSWER** may be filed with the District Clerk's Office, Orange County Courthouse, 801 W Division Ave, Orange Texas 77630.

Said   **PLAINTIFF'S ORIGINAL PETITION**

was filed and docketed in the Honorable 260th District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave,  Orange, Texas on September 9, 2019 in the following styled and numbered cause:

**Cause No: D190369-C**

**Steve Carlton, et al VS. Certain Underwriters at Lloyds, London, et al**

The name and address of the attorney for plaintiff otherwise the address of Plaintiff is:
  **Michael R Ramsey**
  **6280 Delaware St., Ste. A**
  **Beaumont TX  77706**
**ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this September 12, 2019.



**VICKIE EDGERLY, District Clerk**
Orange County, Texas

*Vickie Edgerly*

---

### RETURN

Came to hand on the _____ day of _____, 20_____, at _____o'clock_____, M., and executed in _____ County, Texas, at _____o'clock_____.M., on the _____day of _____, 20____, by delivering, in accordance with the requirements of law, to the within named _____In person, a true copy of this citation together with the accompanying copy of the petition, having first endorsed thereon the date of delivery.

And not executed as to the defendant _____
the diligence used to execute being _____
the cause of failure to execute is _____
the defendant may be found _____

SERVICE AFFIDAVIT ATTACHED

TOTAL FEES: _____          BY:_____

**EXHIBIT**
**C-8**

## RETURN OF SERVICE

### CAUSE NO _D - 190369_

Came to my hand _09/18/2019_, at _12:26_ o'clock __p.m.__

## CITATION AND PETITION

Executed by me on _09/26/2019_ at _4:50_ o'clock ____p.m.__

Executed at _110 OAKLAND, VIDOR_, within the county of _ORANGE_ by delivering to _BRYAN TURNER_ in person, a true copy of the above specified civil process, having first endorsed on such copy the date of delivery. _____

I am over the age of 18; and I am not a party to nor interested in the outcome of the above numbered suit; and I declare under penalty of perjury that the foregoing is ture and correct to the best of my knowledge.

CHRISOPHER MATTHEW JOHNSEN    PSC#15890
Expiration Date: 11/30/2020
LEGAL SERVICE & DELIVERY
770 AMARILLO, BEAUMONT, TX 77701

STATE OF TEXAS}

### VERIFICATION

Before me, a notary public, on this day personally appeared the above named person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his personal knowledge and experience known to be true and correct. Given under my hand and seal of office this the _30th_ day of _Sept_, 2019.

NOTARY PUBLIC

G TOM PETERSON
Notary ID #2043283
My Commission Expires
September 15, 2021

FILED 10/4/2019 12:12 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 37391708
Reviewed By: Justin Rhodes

## CAUSE NO. D190369-C

| | | |
|---|---|---|
| STEVE CARLTON AND THOMAS A. GUNN, | § § | IN THE DISTRICT COURT |
|     Plaintiffs, | § § | |
| v. | § § | 260TH JUDICIAL DISTRICT |
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON, THE LITTLETON GROUP, AND BRYAN TURNER., | § § § § § | |
|     Defendants. | § | ORANGE COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND ELECTION PURSUANT TO TEX. INS. CODE § 542A.006

Defendant Certain Underwriters at Lloyds, London, ("Defendant") files its original answer, affirmative and other defenses, and election pursuant to Tex. Ins. Code § 542A.006 to Plaintiffs Steve Carlton and Thomas A. Gunn's (collectively, "Plaintiffs") Original Petition (the "Petition").

## I.     GENERAL DENIAL

Defendant asserts its general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure to the allegations contained in Plaintiffs' Petition, and any amendments or supplements thereto, and upon trial of this case will require Plaintiffs to prove each and every allegation asserted against it by a preponderance of the evidence, as is required by the laws of this State of Texas and the Constitution of the United States.

## II.     AFFIRMATIVE AND OTHER DEFENSES

1.     Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to promptly report the alleged loss at issue as required by the Policy.

2.     Plaintiffs' claims are barred in whole or in part because the Property was "vacant" and/or "unoccupied", as defined by the Policy, during the relevant time period at issue.

DEFENDANT'S ORIGINAL ANSWER



PAGE 1 OF 4

3.      Plaintiffs' claims are barred in whole or in part due to the terms, limitations, restrictions, exclusions, and endorsements contained in and to the Policy that is the basis of Plaintiffs' suit.

4.      Plaintiffs' claims are barred because there was a reasonable basis for denying all or part of the insurance claim at issue.

5.      Plaintiffs' are barred under the doctrines of settlement and release.

6.      Plaintiffs' claims are barred by the equitable doctrine of waiver.

7.      Plaintiffs' claims are barred by the election of rights doctrine.

8.      Plaintiffs' claims are barred by the "one satisfaction" doctrine.

9.      Plaintiffs' claims are barred by the economic loss rule.

10.     Plaintiffs' claims are barred in whole or in part by accord and satisfaction.

11.     Plaintiffs' claims are barred in whole or in part by setoff.

12.     Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to mitigate or minimize their alleged damages.

13.     Defendant's actions and omissions, if any, regarding the subject matters in the alleged causes of action, and each of them, were undertaken in good faith, with the absence of malicious intent to injure Plaintiffs, and constitute lawful, proper, justified means to further the business purposes of Defendant.

14.     Plaintiffs' damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiffs, and said acts, omissions, or breaches were intervening and superseding causes of Plaintiffs' damages, if any.  Defendant asserts its right to comparative and/or proportionate responsibility as provided in Chapter 33 of the Texas Civil Practice and Remedies Code and request that the fact finder apportion responsibility as

provided in Chapter 33.

15.     Defendant claims all offsets and credits available under Chapter 33 of the Texas Civil Practice and Remedies Code.

16.     Any award of pre-judgment interest is limited by the dates and amounts as set forth in Chapter 304 of the Texas Finance Code and/or Chapter 41 of the Texas Civil Practice & Remedies Code.

17.     Defendant reserves the right to later amend or add to these defenses.

### III.     ELECTION PURSUANT TO TEX. INS. CODE § 542A.006

18.     Pursuant to Tex. Ins. Code § 542A.006(a), Defendant hereby notifies Plaintiffs and the Court that Defendant elects to accept whatever liability, if any (which Defendant neither admits nor concedes), Defendants The Littleton Group and Bryan Turner might have to Plaintiffs for any alleged acts or omissions related to the insurance claim at issue.[1]  Based on this election, Defendant requests the Court immediately dismiss the claims against Defendants The Littleton Group and Bryan Turner with prejudice as required by Tex. Ins. Code § 542A.006(c).[2]

### IV.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Certain Underwriters at Lloyds, London respectfully requests the Court enter judgment that Plaintiffs take nothing in their suit, the Court enter an order dismissing Plaintiffs' suit with prejudice, Defendant recover its costs and attorneys' fees, and for all other relief to which Defendant may be justly entitled.

---

[1] *See* Tex. Ins. Code § 542A.006(a) ("[I]n an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.").

[2] *See* Tex. Ins. Code §542A.006(c) ("If a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice.").

Respectfully submitted,

By: */s/ Valerie Henderson*
    **Valerie Henderson**
    Texas Bar No. 24078655
    **BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ. P.C.**
    1301 McKinney Street, Suite 3700
    Houston, Texas 77010
    (713) 650-9700 - Telephone
    (713) 650-9701 – Facsimile
    vhenderson@bakerdonelson.com

    ***Attorney for Defendant Certain***
    ***Underwriters at Lloyds, London***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 4, 2019, a true and correct copy of the foregoing was served on the following counsel via e-service pursuant to the Texas Rules of Civil Procedure:

Michael R. Ramsey
Katherine D. Ramsey
**RAMSEY LAW**
6280 Delaware Street, Ste A
Beaumont, Texas 77706
ramseydocket@ramseylaw.com

    */s/ Valerie Henderson*
    Valerie Henderson

**Bravo, Cecilia**

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **Sent:** | Friday, October 4, 2019 12:14 PM |
| **To:** | Bravo, Cecilia |
| **Subject:** | Courtesy Copy of Service for Case:  D190369-C, Steve Carlton and Thomas A. Gunn Vs. Certain Underwriters at Lloyds London, et al for filing Answer/Response, Envelope Number: 37391708 |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |



# Copy of Service

Case Number: D190369-C
Case Style: Steve Carlton and Thomas A. Gunn
Vs. Certain Underwriters at Lloyds London, et al
Envelope Number: 37391708

This is a courtesy copy of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | D190369-C |
| **Case Style** | Steve Carlton and Thomas A. Gunn Vs. Certain Underwriters at Lloyds London, et al |
| **Envelope Number** | 37391708 |
| **Date/Time Submitted** | 10/4/2019 12:12 PM CST |
| **Filing Type** | Answer/Response |
| **Filing Description** | Certain Underwriters at Lloyds, London's Original Answer |
| **Filed By** | Cecilia Bravo |
| **Service Contacts** | Carlton Steve:<br><br>Michael Ramsey (mike@ramseylaw.com)<br><br>Katherine Ramsey (ramseydocket@ramseylaw.com)<br><br><br>Certain Underwriters at Lloyds, London:<br><br>Valerie Henderson (vhenderson@bakerdonelson.com) |
| **File Stamped Copy** | [Download Document](Download Document) |

| This link is active for 30 days. |
| --- |

For technical assistance, contact your service provider



Need Help? Help
Visit: https://efiletexas.gov/contacts.htm
Email: support@eFileTexas.gov

Please do not reply to this email. It was automatically generated.